IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ANGELO LENELL DAVIS,** | : | CIVIL ACTION NO. 1:15-CV-1807 |
| Petitioner | : | (Chief Judge Conner) |
| v. | : | |
| **LAUREL HARRY,** | : | |
| Respondent | : | |

## **ORDER**

AND NOW, this 4th day of November, 2015, upon consideration of the report (Doc. 6) of Magistrate Judge Joseph F. Saporito, Jr., recommending the court dismiss the petition for writ of habeas corpus (Doc. 1) filed by Angelo Lenell Davis ("Davis") for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 2244(b)(2), and without prejudice to Davis's right to seek preauthorization from the Third Circuit Court of Appeals to file a second or successive petition pursuant to 28 U.S.C. § 2244(b)(3), and, following an independent review of the record, the court being in agreement with Judge Saporito that Davis's petition is indeed an improper second or successive petition and thus is procedurally improper and subject to summary dismissal, and it appearing that Davis does not object to the report, and that there

is no clear error on the face of the record,[1] see Nara v. Frank, 488 F.3d 187, 194 (3d Cir. 2007), it is hereby ORDERED that:

1. The report (Doc. 6) of Magistrate Judge Saporito is ADOPTED.

2. The petition (Doc. 1) for writ of habeas corpus filed by petitioner Angelo Lenell Davis ("Davis") is DISMISSED without prejudice to Davis's right to request leave from the Third Circuit Court of Appeals to pursue a second and successive petition pursuant to 28 U.S.C. §§ 2244(b)(2) and (b)(3).

3. The court finds no basis to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); R. GOVERNING § 2254 CASES 11(a).

4. The Clerk of Court is directed to CLOSE this case.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

---

[1] When parties fail to timely object to a magistrate judge's report and recommendation, the Federal Magistrates Act does not require a district court to review the report before accepting it. See Thomas v. Arn, 474 U.S. 140, 149 (1985). Indeed, the Third Circuit has admonished that "failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to *de novo* review in the district court." Henderson v. Carlson, 812 F.2d 874, 878-79 (3d Cir. 1987); see also Tice v. Wilson, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006); Oldrati v. Apfel, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998); Cruz v. Chater, 990 F. Supp. 375-78 (M.D. Pa. 1998). As a matter of good practice, however, the Third Circuit expects courts to "afford some level of review to dispositive legal issues raised by" a magistrate judge's report. Henderson, 812 F.2d at 878. The court has reviewed the Magistrate Judge's report in accordance with this Third Circuit directive.